# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 01-CR-21-LRR |
| vs. | **ORDER** |
| BRUCE OLESON, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is the "Motion of the United States for an Order Authorizing the Destruction of Firearms and Ammunition" ("Motion") (docket no. 135).

## *II. RELEVANT PRIOR PROCEEDINGS*

On November 2, 2001, a jury convicted Defendant Bruce Oleson of a number of charges, including: (1) conspiracy to distribute 500 grams or more of methamphetamine mixture, and less than 50 kilograms of marijuana; (2) possession of 2.33 grams of amphetamine; (3) possession with intent to distribute 71 pounds of marijuana; and (4) possession of a firearm while an unlawful user of controlled substances. On January 31, 2002, the court sentenced Defendant to 151 months imprisonment. On February 7, 2002, Defendant appealed. On November 20, 2008, the Eighth Circuit Court of Appeals affirmed the court's decision. *See United States v. Oleson*, 310 F.3d 1085 (8th Cir. 2002).

On March 17, 2008, the government filed the Motion. On April 9, 2008, Defendant filed a Resistance (docket no. 139).[1] On April 16, 2008, the government filed

---

[1] On March 18, 2006, the court granted the Motion ("Order Granting Motion") (docket no. 136). On March 25, 2008, Defendant filed a Motion to Reconsider the Order Granting Motion (docket no. 137). On March 26, 2008, the court granted Defendant's

(continued…)

a Reply (docket no. 140). On that same date, Defendant filed a supplement to the Resistance (docket no. 141). The court finds the Motion fully submitted and ready for decision.

### *III. ARGUMENTS*

In the Motion, the government asks the court to enter an order "to destroy the firearms and ammunition seized from [D]efendant on or about December 10, 1999." Motion at 1. The government catalogs the firearms and ammunition it seeks to destroy ("Firearms") as follows:

1. a .44 caliber Smith and Wesson, Magnum handgun with speed loader, including 12 mag hollow point rounds and two boxes of 20 rounds;

2. a 9mm, Smith and Wesson, Model 5908, handgun with hard cs, holster, and clip with 7 rounds of ammunition;

3. a .357 Ruger, Magnum handgun, Serial No. 172-71384, with 3 speed loaders with 11 rounds of ammunition, and brown case;

4. a .22LR Ruger, serial number 89133;

5. a .22 caliber Remington rifle with scope;

6. a K27U M1 carbine rifle with case;

7. a Ruger M14 carbine with rounds and clip, serial number 182-18818;

8. a 20-gauge Interarms double-shot shotgun, with case;

9. a Springfield rifle, Model 1908, serial number 485897 with case, and box of ammunition;

---

¹(…continued)
Motion to Reconsider and vacated the Order Granting Motion (docket no. 138).

10. a New Haven, Model 2500A, .22LR with scope;

11. a 12-gauge Remington shotgun, Model 11-87, serial number PC029219; and

12. a Browning .38 automatic handgun, Model 53-33, with clip.

*Id.* at 2. The Firearms appear to be in the custody of the Tama County Sheriff's Office.

The government argues destruction of the Firearms is appropriate because, otherwise, the government "will be required to maintain, at an ever increasing cost, custody and control of the [Firearms] for an indefinite period of time," and "[t]here would not be any corresponding benefit to the public in having the Agency maintain custody and control of the [Firearms]." *Id.* at 2-3. The government derives its authority to destroy the Firearms from the "All Writs Act," set forth at 28 U.S.C. § 1651. Defendant argues he ought to be allowed to give the Firearms to a third party, his sister, because the court permitted such a gift as a matter of equity in *United States v. Parsons*, 472 F. Supp. 2d 1169 (N.D. Iowa 2007) (Bennett, J.). Aside from this argument, Defendant does not take issue with the sufficiency of the government's basis for the Motion. In its Reply, the government argues (1) *Parsons* is not controlling precedent and (2) gifting property constitutes an exercise of dominion and control over the property, which contravenes 18 U.S.C. § 922(g)(1) and precedential case law.

## IV. ANALYSIS

"Federal law prohibits convicted felons from possessing guns." *United States v. Felici*, 208 F.3d 667, 669 (8th Cir. 2000). This prohibition is set forth in 18 U.S.C. § 922(g)(1), and provides:

> It shall be unlawful for any person [. . .] who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year [. . .] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive

any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). A felon "is also not entitled to have [. . .] firearms held in trust for [him or her] by a third party" because it "suggests constructive possession," and, "[a]ny firearm possession, actual or constructive, by a convicted felon, is prohibited by law." *Felici*, 208 F.3d at 670 (citing *United States v. Sample*, 136 F.3d 562, 564 (8th Cir. 1998)). Additionally, a felon is not entitled to sell a firearm and collect the proceeds from its sale. *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("[T]o allow [defendant] to reap the economic benefit from ownership of weapons which it is illegal for [defendant] to possess would make a mockery of the law.").

The parties agree Defendant, a felon, is not entitled to (1) return of the Firearms, (2) have the Firearms held in trust for him or (3) sell the Firearms and collect the proceeds. Instead, Defendant seeks to make a "complete" gift of the Firearms to his sister, "with no trust arrangement." Resistance at ¶ 8. Although it appears no controlling authority has yet addressed this precise issue, applicable case law prohibits Defendant from giving the Firearms to his sister.

A felon is not entitled to constructively possess a firearm. *Felici*, 208 F.3d at 670. "Constructive possession is established if the defendant 'had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself.'" *United States v. Abumayyaleh*, 530 F.3d 641, 641 (8th Cir. 2008) (quoting *United States v. Piwowar*, 492 F.3d 953, 955 (8th Cir. 2007)); *see also United States v. Thomas*, 321 F.3d 627, 636 (7th Cir. 2003) ("Under 18 U.S.C. § 922(g)(1), defendants are in constructive possession if they have 'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'") (quoting *United States v. Walls*, 225 F.3d 858, 864 (7th Cir. 2000)). Allowing Defendant to decide to whom the government should give the Firearms constitutes Defendant's constructive possession of the firearms. Although Defendant would never have physical possession of

4

the Firearms and his exercise of control over the Firearms would be fleeting, allowing him to designate his sister as the recipient of the Firearms would require him to exercise "dominion" or "control" over the Firearms because he would be deciding where they ought to go and who ought to possess them. Such constructive possession is prohibited by law.

Defendant argues the court should follow *Parsons* and allow Defendant to give the Firearms to his sister. *Parsons* allowed a defendant-felon to give his firearms to his friend. *Parsons*, 472 F. Supp. 2d at 1174. *Parsons* reasoned that allowing a defendant-felon to appoint a donee for receipt of his firearms only allowed for the exercise of "the merest indicia of ownership" over the firearms. *Id.* at 1175. As an initial matter, the court notes *Parsons* is not binding authority on the court. Further, even if ownership or possession of a firearm amounts to a "mere[] indicia of ownership," it is nonetheless ownership, and is inconsistent with precedent from the Eighth Circuit Court of Appeals holding a felon may not constructively possess a firearm. *Felici*, 208 F.3d 670. Accordingly, the court declines to follow *Parsons*. *See Okruhlik v. Univ. of Ark. ex. rel. Mary*, 255 F.3d 615, 622 (8th Cir. 2001) (holding district courts must follow controlling precedent). Accordingly, the court shall grant the Motion.

## V. CONCLUSION

For the foregoing reasons, the Motion (docket no. 135) is **GRANTED** and the court hereby **ORDERS** the Tama County Sheriff's Office is authorized to dispose of the Firearms described above.

**IT IS SO ORDERED.**

**DATED** this 24th day of July, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA